97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sander Leonel ALARCON-AGUILAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Adx-pcj-vha.
 BIA
 REVIEW DENIED.
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sander Leonel Alarcon-Aguilar, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying his request for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition for review.
 
 
 3
 Alarcon-Aguilar contends the BIA's decision that he failed to establish a well-founded fear of persecution is not supported by substantial evidence because: (1) he received a death threat for his refusal to join the guerillas in Guatemala in 1987; and (2) he fears he will be conscripted into the Army upon his return. This contention lacks merit.
 
 
 4
 We review the denial of asylum for abuse of discretion, and for substantial evidence the denial of withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). Factual findings underlying the decision, including whether the petitioner has proved a well-founded fear of persecution, are reviewed for substantial evidence. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). We will uphold the BIA's determinations unless the applicant demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 To establish eligibility for asylum, Alarcon-Aguilar must show that he has a well-founded fear of persecution in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Alarcon-Aguilar must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (internal quotation and citation omitted). To qualify for withholding of deportation, Alarcon-Aguilar must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h); Acewicz, 984 F.2d at 1062.
 
 
 6
 While Alarcon-Aguilar may subjectively fear returning to Guatemala, he did not present specific evidence to support an objectively reasonable, well-founded fear of persecution. See Prasad, 47 F.3d at 340; Kazlauskas, 46 F.3d at 906. Even if Alarcon-Aguilar is correct in asserting that he would face persecution by the guerrillas upon his return, he has failed to show that this persecution would be based upon an enumerated ground because he has not shown that his refusal to join the guerrillas has been interpreted as a political expression. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Similarly, despite Alarcon-Aguilar's fears of military conscription, there is no evidence in the record to suggest that his desire to avoid military service is based upon one of the enumerated grounds. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991).
 
 
 7
 Thus, we cannot say that a reasonable factfinder would be compelled to conclude that Alarcon-Aguilar had a well-founded fear of persecution. See Aruta, 80 F.3d at 1395. Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Aruta, 80 F.3d at 1396.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3